UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MATTHEW NG,

                        Plaintiff,

                -against-

AMGUARD INSURANCE
COMPANY,

                        Defendant.
-------------------------------------------------------------------------X

**25 Civ. 7855 (VSB) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's Letter Motion at Docket Number 13 and Defendant's Response at Docket Number 14.

To start, although Plaintiff has not completed service on Defendant, Defendant has appeared in this action and consented to the jurisdiction of this Court.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703–04 (1982).  Accordingly, Defendant need not return Plaintiff's request for waiver of service, and Plaintiff is not required to serve Defendant with a copy of the Summons and Complaint in this action.

The Court notes that Defendant filed a Declaration of Service, attesting that it served its motion papers on Plaintiff by U.S. mail on November 14, 2025 (Dkt. No. 12), which is all that is required for proper service on Plaintiff. Plaintiff's request that Defendant be required to deliver him a "hard copy" of its motion papers, or future filings, through any method other than ordinary mail

1

is without basis, absent a private agreement between the parties. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing[.]"). Indeed, under the same rule, service on Plaintiff by email would not comport with the requirements for service, absent a private agreement between the parties. Moreover, Plaintiff is reminded that he may assent to electronic service in this case, if he so chooses. Accordingly, the Court will not strike Defendant's Motion, and such request is denied. However, Plaintiff also claims that he did not receive the motion papers which Defendant mailed. Accordingly, Defendant is ordered to mail Plaintiff an identical copy of its motion and related filings by no later than Tuesday, December 16, 2025.

Next, Plaintiff requests a referral to a Magistrate Judge for a settlement conference or to the Court's mediation program and a stay of proceedings pending settlement negotiations. The first request is moot, given that Judge Broderick issued an Amended Order of Reference yesterday that, among other things, expands the referral to the undersigned to include settlement. (Dkt. No. 18). However, the Court is not prepared to conduct a settlement conference or make a referral to the Court's mediation program at this time. It will do so only if Defendant is also interested in pursuing settlement discussions through one of these avenues. To date, the Court has received no indication that Defendant is interested in exploring this path. Nor, for the same reason, will the Court stay proceedings at this time. The Court always encourages settlement,

however, and if the parties jointly request a settlement conference or a referral to mediation, and/or request a stay pending such settlement efforts, the Court will act on their request.

Further, Plaintiff's letter motion contains a citation worth mentioning. Plaintiff cites to *Whitehead v. Town House Equities, Ltd.*, 8 A.D.3d 367 (2d Dep't 2004), to support the claim that, under New York law, there is a strict prohibition on "attorneys-in-fact" acting as "attorneys-at-law." However, *Whitehead* provides no support for this claim, nor does it discuss the topic at all. The Court assumes that Plaintiff's motion may have been drafted with the assistance of a generative artificial intelligence (AI) tool, such as ChatGPT. Plaintiff is hereby put on notice that Rule 4(J) of the Individual Rules and Practices of the Honorable Vernon S. Broderick, the district judge in this case, requires that any party "who utilizes any generative artificial intelligence (AI) tool in the preparation of any documents filed with the Court must disclose that AI has been used. If generative AI is utilized in the drafting of any documents filed with the Court, the party must further certify in the document that it has independently reviewed and verified the accuracy of any portion of the document drafted by generative AI, including all citations, quotations, and legal authority, and that the document complies with the filer's Rule 11 obligations." A model certification can be found on the Court's website. Moving forward, all parties must comply with the terms of this Rule. If any future AI-drafted

3

documents are filed with the Court that have not been reviewed for accuracy, these filings may be stricken from the docket.

Finally, Plaintiff's letter motion is inconsistent on whether he wishes to proceed by filing an Opposition to Defendant's Motion to Dismiss or by amending his Complaint. Plaintiff may do either, but not both. Given Plaintiff's *pro se* status, his desire to find counsel, and the upcoming holiday season, the Court will give Plaintiff until February 2, 2025 (approximately 45 days from when he will receive Defendant's motion papers) to file either an Opposition to Defendant's Motion to Dismiss or an Amended Complaint that attempts to cure the deficiencies alleged by Defendant in the existing Complaint.

Accordingly, for the above reasons and to the extent indicated, Plaintiff's motion is denied.

**SO ORDERED.**

DATED:     New York, New York
           December 12, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

4