UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

MATTHEW NG,

Plaintiff,

- against -

AMGUARD INSURANCE COMPANY,

Defendant.

------------------------------------------------------X

25-CV-7855 (VSB) (GS)

**OPINION & ORDER**

Appearances:

Matthew Ng
8822 78th Street
Woodhaven, NY
*Pro Se Plaintiff*

Yale Howard Glazer
Lazare Potter Glazer & Moyle LLP
747 Third Avenue
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On September 22, 2025, pro se Plaintiff Matthew Ng ("Plaintiff" or "Ng") filed this action in diversity against Defendant AmGuard Insurance Company ("Defendant" or "Amguard"). (Doc. 1.) On September 26, 2025, this case was assigned to me as related to another case on my docket, *Ng v. Amguard et al.*, 25-cv-806. On October 24, 2025, I referred this case to Magistrate Judge Gary Stein for all non-dispositive motions. (Doc. 6.)

On November 14, 2025, Defendant filed a motion to dismiss, (Doc. 9), accompanied by a memorandum of law, (Doc. 10), and the declaration of Yale Glazer, (Doc. 11). On March 6,

2026, Plaintiff filed a letter motion seeking voluntary dismissal of the action directed to Magistrate Judge Stein. (Doc. 26.) On April 2, 2026, I issued an amended order of referral for all dispositive and non-dispositive motions to Magistrate Judge Stein. (Doc. 27.) On April 9, 2026, Magistrate Judge Stein issued a well-reasoned and thorough report and recommendation that this action be dismissed without prejudice, as "nothing precludes Plaintiff from voluntarily dismissing his claims under Rule 41(a)(1)(A)(i)." (Doc. 28 ("Report" or "Rep.") at 5.)

Magistrate Judge Stein reasoned that Defendant's motion to dismiss does "not terminate[]" "plaintiff's voluntary dismissal right." (Rep. 3 (collecting cases).) This is true even though a motion for summary judgment, or a motion to dismiss converted to and treated as a motion for summary judgment, could have extinguished such a right, because "the Court has not converted AmGuard's motion to dismiss into a motion for summary judgment, nor has AmGuard requested that it do so." (*Id.* at 4–5.) Therefore, Plaintiff is entitled to voluntarily dismiss this case without prejudice. (*Id.* at 5.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen days, inclusive of weekends and holidays, from service of this Report and Recommendation to file written objections thereto" and "failure to file timely objections will preclude appellate review," (Report 5–6), neither party filed any objection or requested additional time to do so. I have

reviewed Magistrate Judge Stein's detailed and well-reasoned Report for clear error and, after careful review, find none. I therefore ADOPT the Report in its entirety.

It is hereby ORDERED that this action is dismissed for failure to prosecute without prejudice pursuant to Federal Rule of Civil Procedure 41.

The Clerk of Court is respectfully directed to terminate this action and close the pending motion at Doc. 9.

SO ORDERED.

Dated: September 29, 2026
New York, New York

Vernon S. Broderick
United States District Judge